IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marcus Leeotis Watts, ) | C/A No.: 6:12-1867-JFA-KFM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| William R. Byars, Agency Director; ) | |
| Steven J. Reck, Food Service Administrator; ) | |
| Willie F. Smith, Institutional Food Service ) | |
| Coordinator; Marcia Fuller, Dietician Head ) | |
| Nutritionist; and Wayne C. McCabe, Warden ) | |
| of Lee Correctional Institution, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The *pro se* plaintiff, Marcus Watts, brings this action pursuant to 42 U.S.C. § 1983 contending that the defendants violated his constitutional rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA) by failing to provide a Halal[1] menu as a dietary option. He seeks injunctive relief and costs incurred in pursuing this action. Watts is an inmate at the Lieber Correctional Institution of the South Carolina Department of Corrections.

The Magistrate Judge assigned to this action[2] has prepared a Report and Recommendation wherein he suggests that this court should grant the defendants' motion

---

[1] Halal means "to kill an animal in the manner prescribed by Muslim law." The meat is ritually slaughtered and prepared according to Islamic specifications. Muslims are instructed to eat meat only if it is Halal. Meat that is not Halal is referred to as "Haram" and is forbidden.

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

for summary judgment.[3] The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

The plaintiff was advised of his right to file objections to the Report and Recommendation and he filed timely objections thereto. Thus, this matter is ripe for review.

As an initial matter, Section 3 of the RLUIPA provides, in pertinent part:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden . . . (1) is in furtherance of a compelling government interest; and (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc–1(a).

In *Cutter v. Wilkinson*, 544 U.S. 709 (2005), the Supreme Court noted that "Lawmakers supporting RLUIPA were mindful of the urgency of discipline, order, safety, and security in penal institutions. They anticipated that courts would apply the Act's standard with 'due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with consideration of costs and limited resources.'" *Id*. at 723.

---

[3] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Plaintiff responded to the motion.

The burden is on the plaintiff to show whether the policy or practice substantially burdens his exercise of religion. *See* 42 U.S.C. Section 2000cc–2(b). The Supreme Court has also stated "that for RLUIPA purposes, a substantial burden on religious exercise occurs when a state or local government, through act or omission, 'put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" *Lovelace v. Lee*, 472 F.3d 174, 187 (4th Cir. 2006) (quoting *Thomas v. Review Bd. Of Ind. Employment Sec. Div.*, 450 U.S. 707, 718 (1981). If this requirement is satisfied, the government must then prove that the challenged policy is the least restrictive means of furthering a compelling governmental interest. 42 U.S.C. § 2000cc–1(a); *Smith v. Ozmint*, 578 F.3d 246, 250 (4th Cir. 2009). Then, the government must proffer evidence such that rational fact finder could only find for the government. *Id*. at 250.

The Fourth Circuit has required that the government, consistent with the RLUIPA statutory scheme, acknowledge and give some consideration to less restrictive alternatives to show the least restrictive means of furthering the identified compelling government interest. *Couch v. Jabe*, 679 F.3d 197, 203 (4th Cir. 2012).

The defendants first contend that the plaintiff has failed to plead and prove that the RLUIPA applies to this action. However, because the SCDC receives federal financial assistance, the Magistrate Judge finds that the RLUIPA applies to this action. *See Cutter v. Wilkinson*, 544 U.S. 709, 716 n.4 (2006).

Here, the Magistrate Judge opines that the plaintiff has failed to show that the defendants substantially burdened his right to the free exercise of his religion by providing him with a vegetarian menu rather than a Halal menu. The defendants have

3

provided the affidavit of SCDC Chaplain Mutakabbir who attests that a Muslim may accommodate his faith without Halal products and that according to the Quran, it is proper for a Muslim to eat vegetarian cuisine or non-pork meat prepared by Christians or Jews. Chaplain Mutakabbir states in his affidavit that the master menu and vegetarian diet at SCDC are both consistent with Islamic beliefs.

The Magistrate Judge finds that the plaintiff has failed to show that the SCDC substantially burdened the plaintiff's exercise of religion by giving him a vegetarian menu rather than a Halal menu. The Magistrate Judge also opines that the defendants have shown that the SCDC policy in question is the least restrictive means of furthering a compelling government interest. The SCDC maintains that it is unable to afford a diet for any religious group that requires ritually slaughtered animals due to the costs and practical limitations on prison storage, cooking, and serving capacities. If the SCDC were to accommodate the special menu requests for religious groups, the defendants argue that this would create the perception of favoritism among inmates and future penological cost concerns. Notably, the SCDC asserts that it would be required to offer Halal meals to all Muslim inmates statewide and undergo expensive facility improvements to separately handle, store, and prepare the Halal meals. Thus, the Magistrate Judge opines that the defendants are entitled to summary judgment because they have demonstrated that the least restrictive means of furthering their compelling interests is to offer the meals based nutritional guidance rather than religious preference.

With regard to the plaintiff's First Amendment claims, the Magistrate Judge notes the Supreme Court's holding that when a prison regulation impinges on an inmate's

4

constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests. *See Turner v. Safley*, 482 U.S. 78 (1987).

The Magistrate Judge also cites the Fourth Circuit's explanation that the "RLUIPA adopts a 'more searching standard' of review than that used for parallel First Amendment claims, strict scrutiny instead of reasonableness." *See Lovelace*, 472 F.3d at 198 n.8 (citing 42 U.S.C. § 2000cc–2). As the Magistrate Judge has found that the defendants are entitled to summary judgment on the plaintiff's RLUIPA claim under the "more searching" strict scrutiny standard, the Magistrate Judge recommends plaintiff's First Amendment claim be dismissed for the same reasons.

In his objections to the Report, the plaintiff contends that the defendants are only considering the nutritional, not the spiritual, aspects of the plaintiff's dietary needs. He then argues that the SCDC has a long-standing practice of providing dietary accommodations to Jewish and Christian inmates.

The defendants have replied to the plaintiff's objections arguing that the SCDC does not offer menus to accommodate Jewish and Catholic inmates, nor can the plaintiff set forth any evidence to the contrary. Defendants also maintain that the SCDC menus are consistent with Islamic beliefs and that the plaintiff may participate in the essential practices of his religion by other means, that is, a vegetarian menu.

After a careful review of the record, the applicable law, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's recommendation to be proper and incorporates the Report herein by reference. The court

has conducted the required *de novo* review and finds the plaintiff's objections are conclusory and duplicative of the claims in his complaint. As such, they are overruled.

Accordingly, the defendants' motion for summary judgment (ECF No. 39) is hereby granted and this action is dismissed with prejudice. The plaintiff's motion for summary judgment (ECF No. 25) is denied.

IT IS SO ORDERED.

September 3, 2013                                   Joseph F. Anderson, Jr.
Columbia, South Carolina                            United States District Judge